| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | **Alan Richard Sandberg** <br> First Name   Middle Name   Last Name |
| Debtor 2 <br> (Spouse, if filing) | First Name   Middle Name   Last Name |
| United States Bankruptcy Court for the: | **SOUTHERN DISTRICT OF IOWA** |
| Case number: <br> (If known) | **21-00635** |

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed.

Official Form 113

# Chapter 13 Plan

12/17

## Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. **Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ■ Included | ☐ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ■ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ■ Included | ☐ Not Included |

## Part 2: Plan Payments and Length of Plan

**2.1   Debtor(s) will make regular payments to the trustee as follows:**

**$560.00** per **Month** for **60** months

*Insert additional lines if needed.*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2   Regular payments to the trustee will be made from future income in the following manner.**

*Check all that apply:*

☐ Debtor(s) will make payments pursuant to a payroll deduction order.
■ Debtor(s) will make payments directly to the trustee.
☐ Other (specify method of payment):

**2.3 Income tax refunds.**
*Check one.*
☐ Debtor(s) will retain any income tax refunds received during the plan term.

| Debtor | Alan Richard Sandberg | Case number | 21-00635 |
|---|---|---|---|

- ☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

- ■ Debtor(s) will treat income refunds as follows:
  **Debtor will turn over any tax returns less the cost of preparing and filing to chapter trustee.**

### 2.4 Additional payments.
*Check one.*

- ■ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

### 2.5 The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is $<u>33,600.00</u>.

## Part 3: Treatment of Secured Claims

### 3.1 Maintenance of payments and cure of default, if any.

*Check one.*

- ☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*
- ■ The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Collateral | Current installment payment (including escrow) | Amount of arrearage (if any) | Interest rate on arrearage (if applicable) | Monthly payment on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| **Freedom Mortgage Corporation** | **3148 200th Street Fort Madison, IA 52627  Lee County 2017 paid $260,000 - HOME / NE COR NE NW 2.03AC** | $0.00<br>Disbursed by:<br>☐ Trustee<br>■ Debtor(s) | Prepetition: $2,160.00 | 0.00% | Prorata | $2,160.00 |

*Insert additional claims as needed.*

### 3.2 Request for valuation of security, payment of fully secured claims, and modification of undersecured claims. *Check one.*

- ☐ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*
  ***The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.***

- ■ The debtor(s) request that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor(s) state that the value of the secured claim should be as set out in the column headed *Amount of secured claim*. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

  The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the

| Debtor | Alan Richard Sandberg | Case number | 21-00635 |
|---|---|---|---|

creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

The holder of any claim listed below as having value in the column headed *Amount of secured claim* will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly payment to creditor | Estimated total of monthly payments |
|---|---|---|---|---|---|---|---|---|
| IH Mississippi Valley Credit Union | $8,930.00 | 2010 Toyota Camry | $7,000.00 | $0.00 | $7,000.00 | 5.25% | $132.90 | $7,974.00 |

*Insert additional claims as needed.*

**3.3    Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*

■    **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

**3.4    Lien avoidance**.

*Check one.*

■    **None**. *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5    Surrender of collateral.**

*Check one.*

☐    **None**. *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

■    The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| Name of Creditor | Collateral |
|---|---|
| Alliant Credit Union | 2011 Fleetwood Wilderness Camper |
| Alliant Credit Union | 2011 Fleetwood Wilderness Camper |

*Insert additional claims as needed.*

### Part 4:    Treatment of Fees and Priority Claims

**4.1    General**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2    Trustee's fees**
Trustee's fees are governed by statute and may change during the course of the case but are estimated to be **10.00**% of plan payments; and during the plan term, they are estimated to total $**3,360.00**.

**4.3    Attorney's fees.**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be $**0.00**.

| Debtor | Alan Richard Sandberg | Case number | 21-00635 |
|---|---|---|---|

**4.4  Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*

■  **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

**4.5  Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*

■  **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

| Part 5: | **Treatment of Nonpriority Unsecured Claims** |
|---|---|

**5.1  Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

☐  The sum of $          .
☐  _____% of the total amount of these claims, an estimated payment of $_____.
■  The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $   **5,357.40**   . Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2  Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

■  **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3  Other separately classified nonpriority unsecured claims.** *Check one*.

■  **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

| Part 6: | **Executory Contracts and Unexpired Leases** |
|---|---|

**6.1  The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

■  **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

| Part 7: | **Vesting of Property of the Estate** |
|---|---|

**7.1  Property of the estate will vest in the debtor(s) upon**
*Check the appliable box:*
■  plan confirmation.
☐  entry of discharge.
☐  other: _____

| Part 8: | **Nonstandard Plan Provisions** |
|---|---|

**8.1  Check "None" or List Nonstandard Plan Provisions**
☐  **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.

| Debtor | Alan Richard Sandberg | Case number | 21-00635 |
|---|---|---|---|

*The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.*
Unless otherwise ordered by the Court, Chapter 13 Trustee payments will be disbursed in the following order:
1. Administrative including attorney's fees.
2. Secured Claims to be paid in full
3. Priority unsecured claims to be paid in full
4. Non priority unsecured claims.

## Part 9:   Signature(s):

**9.1    Signatures of Debtor(s) and Debtor(s)' Attorney**
*If the Debtor(s) do not have an attorney, the Debtor(s) must sign below, otherwise the Debtor(s) signatures are optional. The attorney for Debtor(s), if any, must sign below.*

X **Alan Richard Sandberg**
Signature of Debtor 1

X _____
Signature of Debtor 2

Executed on _____

X _____
**Bruce A. Buckrop**
Signature of Attorney for Debtor(s)

Executed on _____

Date  5/17/2021

By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.

| Debtor | **Alan Richard Sandberg** | Case number | **21-00635** |
|---|---|---|---|

## Exhibit: Total Amount of Estimated Trustee Payments

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | | |
|---|---|---:|
| a. | **Maintenance and cure payments on secured claims** *(Part 3, Section 3.1 total)* | $2,160.00 |
| b. | **Modified secured claims** *(Part 3, Section 3.2 total)* | $7,974.00 |
| c. | **Secured claims excluded from 11 U.S.C. § 506** *(Part 3, Section 3.3 total)* | $0.00 |
| d. | **Judicial liens or security interests partially avoided** *(Part 3, Section 3.4 total)* | $0.00 |
| e. | **Fees and priority claims** *(Part 4 total)* | $3,360.00 |
| f. | **Nonpriority unsecured claims** *(Part 5, Section 5.1, highest stated amount)* | $20,106.00 |
| g. | **Maintenance and cure payments on unsecured claims** *(Part 5, Section 5.2 total)* | $0.00 |
| h. | **Separately classified unsecured claims** *(Part 5, Section 5.3 total)* | $0.00 |
| i. | **Trustee payments on executory contracts and unexpired leases** *(Part 6, Section 6.1 total)* | $0.00 |
| j. | **Nonstandard payments** *(Part 8, total)*                                            + | $0.00 |
| | **Total of lines a through j** | **$33,600.00** |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

In Re: )
    Alan Richard Sandberg ) Case No. 21-00635
) Chapter 13
    Debtor )

## CERTIFICATE OF SERVICE

    I hereby certify that on May 17, 2021 I electronically filed Chapter 13 Plan with the Clerk of Court using the CM/ECF System which will send notification of such filing to the following by electronic mail:

    US Trustee
    USTPRegion12.DM.ECF@usdoj.gov

    Carol F. Dunbar
    cfdunbar@cfu.net
    mcdunbar@cfu.net

    I hereby certify that on May 17, 2021, I mailed such documents by first-class U.S. mail, postage prepaid, and properly addressed to the following:

    Alan Sandberg
    3148 200th Street
    Fort Madison, IA 52627

    See Attached

Date: May 17, 2021                                          /s/ Nancy Nouchanthavong

Internal Revenue Service
Centralized Insolvency Operation
PO Box 7346
Philadelphia, PA 19101-7346

Aaron's Sales & Lease
Attn: Bankruptcy
PO Box 100039
Kennesaw, GA 30156

ADT Security Services
3190 S Vaughn Way
Aurora, CO 80014

Alliant Credit Union
1200 Associates Drive
Dubuque, IA 52002

Apelles
3700 Corporate Drive
Columbus, OH 43231

AT&T DirecTV
PO Box 105503
Atlanta, GA 30348

AT&T DirecTV
PO Box 5014
Carol Stream, IL 60197

Capital One
Attn: General Correspondence
PO Box 30285
Salt Lake City, UT 84130

CeruLean
PO Box 6812
Carol Stream, IL 60197

CKS Financial
PO Box 2856
Chesapeake, VA 23320

CKS FInancial
PO Box 2856
Chesapeake, VA 23327

CNAC
125 S Roosevelt Ave
Burlington, IA 52601

Community Health Center
407 Blondeau, Suite 1
Keokuk, IA 52632

Continental Finance
PO Box 8099
Newark, DE 19714

Continental Finance
PO Box 9203
Old Bethpage, NY 11804

Continental Finance Company
Attn: Bankruptcy
PO Box 3220
Buffalo, NY 14240

Credit Acceptance
Attn: Bankruptcy
25505 West 12 Mile Road, Suite 3000
Southfield, MI 48034

Credit Collection Services
725 Canton Street
Norwood, MA 02062

Credit Collection Services
PO Box 710
Norwood, MA 02062

Credit One Bank
PO Box 60500
City Of Industry, CA 91716-0500

Credit One Bank
PO Box 98872
Las Vegas, NV 89193

Creditor Advocates, Inc.
1551 Southcross Drive W
Suite C
Burnsville, MN 55306

Creditor Advocates, Inc.
14551 Judicial Road
Suite 10
Burnsville, MN 55306

DirecTV
PO Box 105249
Atlanta, GA 30348

DirecTV
PO Box 6550
Englewood, CO 80155

DirecTV
PO Box 5007
Carol Stream, IL 60197

Dr. Amy Clem
508 S Roosevelt
Burlington, IA 52601

Financial Adjustment Bureau
PO Box 276
612 Jefferson Street
Burlington, IA 52601

Freedom Mortgage Corporation
PO Box 89486
Cleveland, OH 44101

Freedom Mortgage Corporation
Attn: Bankruptcy
907 Pleasant Valley Ave, Ste 3
Mt Laurel, NJ 08054

| | | |
|---|---|---|
| Freedom Mortgage Corporation<br>PO Box 50428<br>Indianapolis, IN 46250 | Freedom Mortgage Corporation<br>Attn: Bankruptcy<br>907 Pleasant Valley Avenue, Suite 3<br>Mt Laurel, NJ 08054 | Genesis FS Card Services<br>Attn: Bankruptcy<br>PO Box 4477<br>Beaverton, OR 97076 |
| Great River Medical Center<br>1221 S Gear Avenue<br>PO Box 668<br>West Burlington, IA 52655 | Great River Medical Center<br>PO Box 540<br>West Burlington, IA 52655 | Great River Physicians & Clinics<br>PO Box 540<br>West Burlington, IA 52655 |
| Great River Physicians & Clinics<br>PO Box 650292<br>Dallas, TX 75265 | H&R Accounts<br>5320 22nd Avenue<br>Moline, IL 61265 | IH Mississippi Valley Credit Union<br>Attn: Bankruptcy Department<br>2500 River Drive<br>Moline, IL 61265 |
| Mediacom<br>3900 26th Avenue<br>Moline, IL 61265 | Mediacom<br>PO Box 5744<br>Carol Stream, IL 60197 | Midland Credit Management<br>Attn: Bankruptcy<br>PO Box 939069<br>San Diego, CA 92193 |
| Midland Credit Management<br>Attn: Bankruptcy<br>PO Box 301030<br>Los Angeles, CA 90030 | Midland Credit Management<br>Attn: Bankruptcy<br>PO Box 2121<br>Warren, MI 48090 | Midland Funding, LLC<br>320 East Big Beaver<br>Suite 300<br>Troy, MI 48083 |
| Midland Funding, LLC<br>Attn: Bankruptcy<br>350 Camino De La Reine, Suite 100<br>San Diego, CA 92108 | MRS Associates<br>1930 Olney Avenue<br>Cherry Hill, NJ 08003 | NCB Management Services<br>1 Allied Drive<br>Feasterville Trevose, PA 19053 |
| NCB Management Services<br>PO Box 1099<br>Langhorne, PA 19047 | OneMain Financial<br>Attn: Customer Care<br>6801 Colwell Blvd<br>Irving, TX 75039 | OneMain Financial<br>Attn: Customer Care<br>PO Box 1010<br>Evansville, IN 47706 |
| OneMain Financial<br>Attn: Customer Care<br>PO Box 3251<br>Evansville, IN 47731 | Rausch, Sturm, Israel, Enerson & Hornik<br>250 N Sunnyslope Road, Suite 300<br>Brookfield, WI 53005 | Republic Bank & Trust Co.<br>4030 Smith Road<br>Cincinnati, OH 45209 |
| Republic Bank & Trust Co.<br>PO Box 950276<br>Louisville, KY 40295 | RMP, LLC<br>PO Box 519<br>Sauk Rapids, MN 56379 | Sterling Jewelers, Inc.<br>Attn: Bankruptcy<br>PO Box 1799<br>Akron, OH 44309 |
| The Bank of Missouri<br>916 N Kings Hwy<br>Perryville, MO 63775 | The Family Credit Union<br>1600 John Deere Road<br>Silvis, IL 61282 | The Family Credit Union<br>1400 Rockingham Rd<br>Davenport, IA 52802 |

| | | |
|---|---|---|
| Transworld Systems<br>500 Virginia Drive<br>Suite 514<br>Fort Washington, PA 19034 | University of Iowa Healthcare<br>Patient Financial Services<br>2100 University Capital Centre<br>Iowa City, IA 52242-5500 | University of Iowa Healthcare<br>Patient Financial Services<br>PO Box 40200<br>Des Moines, IA 50940-2000 |
| University of Iowa Healthcare<br>Patient Financial Services<br>200 Hawkins Drive<br>Iowa City, IA 52242 | University of Iowa Healthcare<br>Patient Financial Services<br>PO Box 14551<br>Des Moines, IA 50306 | US Bank<br>PO Box 790408<br>Saint Louis, MO 63179-0408 |
| US Bank<br>PO Box 108<br>Saint Louis, MO 63166 | US Bank<br>PO Box 5227<br>Cincinnati, OH 45201 | US Bank<br>PO Box 6353<br>Fargo, ND 58125 |
| Vehicle Acceptance Corporation<br>PO Box 191607<br>Dallas, TX 75219 | Viking Client Services, LLC<br>PO Box 285<br>Chesapeake, VA 23327 | |